[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12421
Non-Argument Calendar
_____

D.C. Docket No. 2:13-cr-14055-JEM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JULIO CEASER LUNA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 27, 2015)

Before WILSON, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Luna pled guilty to one count of conspiracy to manufacture and distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846 and five counts of possession with intent to distribute various amounts of methamphetamine in violation of 21 U.S.C. § 841(a)(1).  On appeal, Luna argues that his sentence was substantively unreasonable because the district court did not properly weigh the factors listed in 18 U.S.C. § 3553(a).  He contends that the court improperly denied his motion for a downward variance in light of his history of mental health problems, substance abuse issues, and troubled upbringing.  Luna also argues that the court placed undue emphasis on the need to deter future criminal activity.

We review the substantive reasonableness of a sentence for abuse of discretion.  *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007).  In reviewing such reasonableness, we consider the totality of the circumstances.  *Id*. at 51, 128 S. Ct. at 597.  The party challenging the sentence bears the burden of establishing that the sentence is substantively unreasonable in light of the record and the § 3553(a) factors.  *United States v. Rodriguez*, 628 F.3d 1258, 1264 (11th Cir. 2010).

When imposing a sentence, a court must consider a variety of factors, including: the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to reflect the seriousness of the offense, the need to deter criminal conduct and protect the public, the kinds

2

of sentences available, and the advisory guideline range for a sentence.  18 U.S.C. § 3553(a).  The weight given to each of the § 3553(a) factors is subject to review, but we will vacate the sentence only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors."  *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008) (internal quotation marks omitted).  "Generally, the weight accorded to any of those factors is committed to the sound discretion of the district court, and this Court will not substitute its judgment in weighing the relevant factors."  *United States v. Dougherty*, 754 F.3d 1353, 1361 (11th Cir. 2014).  The substantive reasonableness of a sentence is indicated where the sentence is well below the statutory maximum penalty.  *See United States v. Gonzales*, 550 F.3d 1319, 1324 (11th Cir. 2008) (per curiam) (holding that the sentence was reasonable in part because it was well below the statutory maximum).

Luna's total sentence of 270 months, which included a departure for substantial assistance under U.S.S.G. § 5K1.1, is substantively reasonable.  Luna fails to carry his burden of showing that the district court abused its discretion in its consideration of the § 3553(a) factors.  The district court clearly stated that it had considered the arguments of the parties, the presentence report, which discussed Luna's mental health problems, and all of the § 3553(a) factors, including the characteristics of the defendant, in reaching its decision.  The court coherently

3

articulated the reasoning behind its decision and did not rely too heavily on the need to deter Luna from future criminal conduct.  Finally, Luna's sentence was imposed well below the statutory maximum—and even the low end of the guideline range.  *See Gonzales*, 550 F.3d at 1324.  Accordingly, we affirm the sentence as reasonable.

**AFFIRMED.**